# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WARNER BERNARD CRIDER,

        Plaintiff,                      Case Number: 06-CV-13805

v.                                         HON. ARTHUR J TARNOW

GEORGE D. LYONS, ET AL.,

        Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Warner Bernard Carter, who is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1985(3) and 1986. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, pursuant to 28 U.S.C. § 1915(e)(2),[1] the Court dismisses the complaint because Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff alleges in his complaint that he retained defendant George Lyons to represent him in 2001 state and federal criminal proceedings and that Lyons improperly simultaneously represented a client with conflicting interests. Plaintiff further alleges that Lyons conspired with

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

defendants Mutchler and McBain, prosecuting attorneys in state court, and defendant Terbush, an assistant United States attorney, to fail to advise Plaintiff that Lyons had a conflict of interest.

To maintain a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege the following elements:

>   (1) a conspiracy involving two or more persons;
>
>   (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and
>
>   (3) an act in furtherance of the conspiracy;
>
>   (4) which causes injury to a person or property, or the deprivation of any right or privilege of a citizen of the United States.

Smith v. Thornburg, 136 F.3d 1070, 1078 (6th Cir. 1998), *citing* Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839 (6th Cir. 1994), *cert. denied* 514 U.S. 1066 (1995).  Further, the plaintiff must demonstrate that the conspiracy was motivated by a class-based animus, such as race or ethnicity.  Id.

Plaintiff fails to allege that defendants were motivated by a class-based animus. Therefore he fails to state a claim under 42 U.S.C. § 1985(3).

Section 1986 imposes liability on those who have knowledge of the wrongs prohibited by § 1985 yet fail to prevent them.  Seguin v. City of Sterling Heights, 968 F.2d 584, 590 (6th Cir. 1992).  Absent a violation of 42 U.S.C. § 1985, a plaintiff may not maintain an action under § 1986.  Browder v. Tipton, 630 F.2d 1149, 1155 (6th Cir. 1980).  As stated above, Plaintiff fails to state a claim under § 1985(3); therefore, his claims under § 1986 are also meritless.

For the foregoing reasons, **IT IS ORDERED** that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated:  September 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2006, by electronic and/or ordinary mail.

        s/Theresa E. Taylor
        Case Manager