# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WARNER BERNARD CRIDER,

        Plaintiff,                              Case Number: 06-CV-13805

v.                                                HON. ARTHUR J. TARNOW

GEORGE D. LYONS, ET AL.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO RECUSE AND MOTION TO AMEND/MODIFY OR RECONSIDER ORDER AND JUDGMENT

Plaintiff Warner Bernard Carter, who is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1985(3) and 1986. On September 22, 2006, the Court dismissed the complaint because Plaintiff failed to state a claim upon which relief may be granted. Now before the Court are Plaintiff's Motion to Recuse the Honorable Arthur J. Tarnow[1] and Motion to Amend/Modify or Reconsider Order and Judgment on September 22, 2006.

Plaintiff argues that the undersigned should recuse himself from this matter because Plaintiff challenges the conduct of attorneys who participated in Plaintiff's criminal trial over which the undersigned presided. Plaintiff maintains that, because the undersigned sentenced him to terms of life imprisonment in that criminal proceeding, the undersigned is unable to be unbiased in this matter.

---

[1] The full title of Plaintiff's motion is: "Motion to Recuse the Honorable Arthur J. Tarnow from Plaintiff Crider's Civil Case Against One Attorney and Two State Prosecutors and One A.U.S. Attorney Who Prosecuted Plaintiff in the Honorable Arthur J. Tarnow's Courtroom on October 24, 2003."

Crider v. Lyons, No. 06-13805

Section 144 of Title 28 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.  *See also* 28 U.S.C. § 455.[2]  Disqualification under 28 U.S.C. §§ 144 & 455(a) must be predicated "upon extrajudicial conduct rather than on judicial conduct . . . and upon a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law."  Consolidated Rail Corporation v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999) (internal quotations omitted).  The party requesting recusal "has the burden of convincing the court that a reasonable person would find that the bias exists."  Id.

   Plaintiff rests his allegation of bias solely upon the fact that the undersigned Judge presided over Plaintiff's criminal trial and sentenced Plaintiff to two life sentences.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . . Almost invariably, they are proper grounds for appeal, not for recusal."  Liteky v. United States, 510

---

[2]   Section 455(a) of Title 28 provides:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

2

U.S. 540, 555 (1994).  Thus, a judge's orders, formed on the basis of current judicial proceedings, "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.  Plaintiff has failed to support his allegation of bias with evidence which demonstrates such a deep-seated antagonism.  Therefore, he has failed to meet his burden of showing that a reasonable person would find that bias exists.

Plaintiff also has filed a Motion to Amend/Modify or Reconsider Order and Judgment on September 22, 2006 pursuant to Federal Rule of Civil Procedure 59(e).  Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion."  Keweenaw Bay Indian Community v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing* Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

Nagle Industries, Inc. v . Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing* Keweenaw Bay, 940 F. Supp. at 1141).  "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'"  Id., *(quoting* Keweenaw Bay, 904 F. Supp. at 1141).

None of the arguments set forth by Plaintiff in support of his Motion to Alter or Amend

Crider v. Lyons, No. 06-13805

the Judgment satisfy the standards under which Rule 59(e) motions may be granted. Plaintiff does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Plaintiff's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence not previously available suddenly has become available. Thus, Plaintiff has failed to show entitlement to relief under Rule 59(e).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Recuse the Honorable Arthur J. Tarnow and Motion to Amend/Modify or Reconsider Order and Judgment on September 22, 2006 are **DENIED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 3, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary